UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James F. Beil, | ) | CASE NO. 04 CV 1870 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Lake Erie Correctional Record | ) | **Memorandum of Opinion and Order** |
| Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Lake Erie Correctional Record Department's Motion for Judgment on the Pleadings (Doc. 23). This matter arises out of the alleged miscalculation of plaintiff's prison sentence. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, James F. Beil, filed this action against defendants, Lake Erie Correction Record Department (hereafter "LECI Records"), Rich Gansheimer, Management Training Corporation,

1

Ron Russel, Mr. Bodman, Mr. Shanks, Bureau of Sentence Computation, Mary Oakley and Tammy Grey.  In a previous order entered on December 13, 2004, this Court dismissed Bureau of Sentence Computation, Mary Oakley and Tammy Grey (hereafter "State Defendants") on the grounds that Eleventh Amendment immunity bars plaintiff's claims against these defendants.[1]

Plaintiff brought this *pro se* lawsuit alleging wrongdoing in connection with the computation of his prison sentence.  According to the complaint, Cuyahoga County Common Pleas Judge Timothy McGinty awarded plaintiff 73 days jail credit, which was not applied to reduce his sentence.  As a result, plaintiff was unable to receive appropriate medical care. Plaintiff brought this lawsuit and appears to assert two claims for relief.  Count one appears to be a claim for violation of 42 U.S.C. § 1983.  Count two appears to assert a claim for violation of 42 U.S.C. § 2000e (hereafter "Title VII").  In addition, the caption of plaintiff's complaint indicates that defendants "violated 8th Amendment 73 days extra of torture because no medical care.[2]"

Defendant LECI Records moves this Court for judgment on the pleadings.  In the motion, defendant argues that, like the State Defendants, it is also entitled to Eleventh Amendment

---

[1]  This opinion was written by Judge Matia.  This case was subsequently transferred to the undersigned upon Judge Matia's retirement.

[2]  On November 24, 2003, plaintiff filed a lawsuit nearly identical to the instant complaint.  The parties consented to the jurisdiction of the magistrate judge.  In ruling on an unopposed motion to dismiss filed by the State Defendants, the magistrate determined that the Court lacked jurisdiction over the claims filed against these defendants.  Upon learning that plaintiff had been declared incompetent, the magistrate dismissed the remaining parties on the grounds that plaintiff lacked the capacity to sue. Plaintiff has since been adjudicated competent.

immunity.  According to defendant, although Lake Erie Correctional Institution is a privately run prison, LECI Records is a state agency and employees in that department are employed by the state.  The attorneys in this case were unaware of this fact until recently and, as such, LECI Records was not included as a moving defendant in the motion filed by the State Defendants.  Like the State Defendants, LECI Records argues that, as a state agency, this Court lacks jurisdiction over the claims asserted by plaintiff.  Plaintiff does not oppose LECI Record's motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Thus, the allegations of the complaint must be taken as true and construed liberally in favor of the non-moving party. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  The complaint is not to be dismissed "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that a party be given "fair notice of what the [claimant's] claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a....complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal review. *Fingers v. Jackson-Madison County General Hospital District,* No. 95-5903, 1996 WL 678233 (6th Cir. Nov. 21, 1996).  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**DISCUSSION**

In this case, LECI Records argues that, as a state agency, it is immune from suit pursuant to the Eleventh Amendment to the Constitution, which provides,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Thus, the Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against his or her own state. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").  Eleventh Amendment immunity is inapplicable, however, when the state has consented to suit or if Congress has properly abrogated states' immunity. *Kovacevich v. Kent State University*, 224 F.3d 806, 817

(6th Cir. 2000).

In this case, neither of the aforementioned exceptions to immunity applies and defendant LECI Records, as a state agency,[3] is entitled to Eleventh Amendment immunity with respect to plaintiff's claims.[4]

**CONCLUSION**

For the foregoing reasons, Defendant Lake Erie Correctional Record Department's Motion for Judgment on the Pleadings is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/10/05

---

[3] Plaintiff does not oppose defendant's motion and, as such, does not contest that LECI Records is a state agency.

[4] The Court notes that in some circumstances, courts may award prospective equitable relief against defendants otherwise entitled to Eleventh Amendment immunity. Although plaintiff seeks a declaratory judgment "that defendants violated [his] civil rights," the Court finds that such relief does not qualify as appropriate prospective equitable relief.