**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **James F. Beil,** | ) | **CASE NO. 1:04 CV 1870** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Lake Erie Corrections Records Dept.,** | ) | **Memorandum of Opinion and Order** |
| et al. | ) | |
| **Defendant**s. | ) | |

**Introduction**

This matter is before the Court upon defendants Management and Training Corporation, Gansheimer, Russell, Shanks and Bondman's Motion for Summary Judgment (Doc. 27). For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, James F. Beil, *pro se,* filed this action against defendants, Lake Erie Correction Records Department (hereafter, LECI Records), Warden Rich Gansheimer, Management Training Corporation (hereafter, MTC), Ron Russel, Mr. Bodman, Mr. Shanks,

1

Bureau of Sentence Computation, Mary Oakley and Tammy Grey.

Defendants Bureau of Sentence Computation, Mary Oakley and Tammy Grey have been previously dismissed by Memorandum of Opinion and Order of December 13, 2004.[1] Defendant LECI Records was also dismissed by Memorandum of Opinion and Order of August 11, 2005. Accordingly, the moving defendants are the sole remaining defendants.

Plaintiff brought this lawsuit alleging wrongdoing in connection with the computation of his prison sentence. According to the Complaint, Cuyahoga County Court of Common Pleas Judge Timothy McGinty awarded plaintiff 73 days jail credit, which was not applied to reduce plaintiff's sentence. As a result, plaintiff was unable to receive appropriate medical care.

MTC has operated a job-training program through the federal government's Job Corp's program for over 25 years. Since 1987, MTC has also offered rehabilitative educational opportunities at privatized correctional facilities. Federal, state and county governments contract with MTC to provide secure correctional facilities. MTC operates 12 correctional facilities from its corporate headquarters in Utah. MTC must adhere to all regulations and procedures required by the contracting authority. (Ron Russell aff.)

Lake Erie Correctional Institution (herafter, LECI) is a private prison owned by MTC and operated pursuant to a contract between MTC and the Ohio Department of Rehabilitation and Correction. (*Id.*) Defendants Russell, Shanks and Bondman are corporate officers of MTC, working out of the Utah corporate headquarters. (Russell, Shanks and Bondman affs.)

---

[1] This opinion was issued by Honorable Judge Matia, and the case was subsequently transferred to this Court.

Defendant Gansheimer is the Warden at LECI and an employee of MTC. Plaintiff was an inmate at LECI from May 10, 2002 through October 10, 2003. (Gansheimer aff.)

Plaintiff's Complaint does not contain individualized counts but asserts that it is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e (Title VII). In addition, the caption of plaintiff's Complaint states that defendants "violated 8th Amendment 73 days extra of torture because no medical care."

This matter is now before the Court upon defendants Management and Training Corporation, Gansheimer, Russell, Shanks and Bondman's Motion for Summary Judgment.[2]

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

---

[2] Plaintiff previously filed a lawsuit nearly identical to the instant Complaint against the same defendants. The parties consented to the jurisdiction of the magistrate judge who dismissed the case because plaintiff lacked the capacity to sue in that he had been deemed incompetent. Plaintiff has since been adjudicated competent.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the

legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

**(1) Section 1983**

"To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that 1) a person acting under color of state law 2) deprived the plaintiff of a federal right." *Robinson v. Township of Redford,* 48 Fed. Appx. 925 (6th Cir. 2002). Plaintiff fails to establish either prong of this test.

First, plaintiff fails to establish that defendants acted under color of state law. The Sixth Circuit has recognized that

> to state a claim for a failure to act when the alleged wrongdoer is not a supervisory government official, a plaintiff must separately establish the 'color of law' requirement of § 1983 by identifying some cognizable duty that state or federal law imposes upon the alleged 'enactor.' In the absence of a duty there is no section 1983 liability because the failure to act cannot be said to have occurred under color of law.

*Doe v. Claiborne County*, 103 F.3d 495, 512 (6th Cir. 1996).

LECI is a private prison owned by MTC and operated pursuant to a contract between MTC and the Ohio Department of Rehabilitation and Correction (hereafter, ODRC). The State of Ohio is the contracting authority. MTC must adhere to all regulations and procedures required by the contracting authority. Thus, MTC must adhere to all regulations and procedures required by the State of Ohio. (Russell aff.)

Ohio Revised Code (O.R.C.) § 2967.191 authorizes the ODRC to issue jail time credit:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of

bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

O.R.C. § 9.06 authorizes the ODRC to contract for the private operation and management of correctional facilities:

> **9.06 Contract for private operation of correctional facility**
>
> (A)(1) The department of rehabilitation and correction shall contract for the private operation and management pursuant to this section of the initial intensive program prison established pursuant to section 5120.033 of the Revised Code and may contract for the private operation and management of any other facility under this section. Counties and municipal corporations to the extent authorized in sections 307.93, 341.35, 753.03, and 753.15 of the Revised Code, may contract for the private operation and management of a facility under this section. A contract entered into under this section shall be for an initial term of not more than two years, with an option to renew for additional periods of two years.

O.R.C. § 9.06(C) provides, however, that the ODRC may not delegate its duty to calculate good time credits and release dates to a private facility, such as MTC:

> (C) No contract entered into under this section may require, authorize, or imply a delegation of the authority or responsibility of the public entity to a contractor for any of the following:
>
> (1) Developing or implementing procedures for calculating inmate release and parole eligibility dates and recommending the granting or denying of parole, although the contractor may submit written reports that have been prepared in the ordinary course of business;
>
> (2) Developing or implementing procedures for calculating and awarding earned credits, approving the type of work inmates may perform and the wage or earned credits, if any, that may be awarded to inmates engaging in that work, and granting, denying, or revoking earned credits;
>
> (3) For inmates serving a term imposed for a felony offense committed prior to July 1, 1996, or for a misdemeanor offense, developing or implementing procedures for calculating and awarding good time, approving the good time, if any, that may be awarded to inmates engaging in work, and granting, denying,

or revoking good time.

Accordingly, a duty is imposed upon the ODRC to calculate good time credits and release dates and state law prohibits the delegation of that duty to a private facility. As such, the moving defendants had no duty conferred upon them by state law with respect to the computation of release dates or good time credits. Thus, defendants did not act, or fail to act, under color of state law and, therefore, the § 1983 claim fails.

Second, while the Court need not reach the second requirement to a § 1983 claim, plaintiff has not demonstrated deprivation of a federal right.

Plaintiff's brief references the Fourteenth Amendment. However, Honorable Judge Matia has previously determined in this case that a mistake in the calculation of a state sentence does not amount to a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Plaintiff alleges a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Eight Amendment is implicated where detention extends beyond expiration of a plaintiff's jail sentence. *Sample v. Diecks,* 885 F.2d 1099 (3rd Cir. 1989). However, there is no Eighth Amendment liability in the absence of a showing of deliberate indifference on the part of the defendant to whether the plaintiff suffers an unjustified deprivation of his liberty. *Id.* at 1110. Thus, to establish § 1983 liability, a plaintiff must demonstrate that the "prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted" and "that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight."

7

*Id.*

Defendants have submitted uncontroverted evidence that they had no knowledge or personal involvement in plaintiff's alleged constitutional deprivation.  First, defendants were unaware that they had any responsibility to calculate plaintiff's release date.  In fact, they correctly believed that only the ODRC could calculate the release date, and that state law prohibits delegation of this responsibility. (Gansheimer, Russell, Shanks, Bodman affs.)  Second, defendants were unaware of plaintiff's "credit" dispute until after he had been released from LECI.   (*Id.*)

For the foregoing reasons, plaintiff's § 1983 claim fails.

**(2) Title VII**

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a).  This statute is inapplicable herein as plaintiff was not an employee of defendants.  Thus, summary judgment is warranted on this claim. [3]

**Conclusion**

For the foregoing reasons, defendants Management and Training Corporation, Gansheimer, Russell, Shanks and Bondman's Motion for Summary Judgment is granted.

---

[3]  Defendants assert that to the extent plaintiff also alleges a conspiracy claim under § 1985, summary judgment is appropriate because plaintiff has made no allegation or presented any evidence of class-based animus.  The Court need not address a § 1985 claim.  Plaintiff's Complaint contains no reference to this statute but only asserts, "This is like a conspiracy like my medical neglect." (Compl. at 2).  This assertion is insufficient to assert a claim under § 1985.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 10/17/05